UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AMAZON.COM INC et al., | CASE NO. C21-1283-KKE |
| Plaintiff, | ORDER GRANTING MOTION FOR ALTERNATIVE SERVICE |
| v. | |
| OLEKSIJ PARKHOMENKO et al., | |
| Defendant. | |

Plaintiffs Amazon.com, Inc., Amazon.com Services LLC (collectively, "Amazon"), and Kirby Opco, LLC ("Kirby" and with Amazon, "Plaintiffs") request the Court's authorization to complete service of process by email on Defendants Aleksey Parkhomenko ("Parkhomenko"), Iryna Shkarupa ("I. Shkarupa"), Oleh Shkarupa ("O. Shkarupa"), Vlad Sandrak ("Sandrak"), and Kiryl Zhukau ("Zhukau").  Dkt. No. 33.  For the reasons below, the Court grants the motion.

## I.   BACKGROUND

### A.   Email Addresses Linked to Defendants

This action arises from the alleged unlawful sale of counterfeit vacuum bags in Amazon's online store.  Amazon allows third-party sellers and brand owners the ability to sell products in its Amazon.com store by registering Amazon selling accounts.  Dkt. No. 34 ¶ 3.  On September 21,

2021, Plaintiffs filed this action, asserting Lanham Act claims and Washington Consumer Protection Act violations. Dkt. No. 1. In particular, Plaintiffs allege that Defendants sold counterfeit Kirby-branded products through seven Amazon selling accounts. Dkt. No. 34 ¶ 4; Dkt. No. 1. Plaintiffs conducted investigations into these selling accounts, which revealed that Defendants registered the selling accounts with identifying information that was fraudulently submitted and unrelated to the actual individuals and entities operating the accounts. Dkt. No. 35 ¶ 2. Defendants also registered email addresses to create the selling accounts, access Amazon's online portal for sellers, and conduct business through their accounts. Dkt. No. 34 ¶ 4–5. Amazon used these emails as the primary means of communication with the Defendants. *Id.* On August 14, 2024, Plaintiffs tested the email addresses' functionality by sending emails containing courtesy copies of the Amended Complaint, Civil Cover Sheet, and the Summonses. Dkt. No. 35 ¶ 9. Plaintiffs did not receive any error notices, bounce back messages, or other indications that the emails failed to deliver. *Id.*

Plaintiffs' investigation also revealed that Defendant Shauchenka facilitated the allegedly counterfeit sales through his company, Amasales, which is also a defendant in this matter and has been successfully served. Dkt. No. 27. Amasales' corporate filings at the California Secretary of State's Office identified Shauchenka as the company's only member and manager. Dkt. No. 35 ¶ 7. The email address "amasales99@gmail.com" was used to register Amasales as a company doing business in the state of Wyoming, while the email address "logan7034@gmail.com" was registered by Amasales with PayPal Holdings, Inc. *Id.* Shauchenka also used the email address "psamazoncom@gmail.com" to create an Amazon customer account. Dkt. No. 34 ¶ 6.

**B.    Defendants' Identities and Locations**

Plaintiffs acquired account and transaction information from Payoneer Inc. ("Payoneer") related to the financial accounts that Defendants provided to Amazon upon registering their selling

accounts.  Dkt. No. 35 ¶ 3.  Defendants used these financial accounts to receive and transfer proceeds from their Amazon sales.  *Id.*  Payoneer's information also indicated that most IP addresses from which the Defendants access their Payoneer accounts traced back to Ukraine and Belarus.  *Id.* ¶ 4.  Payoneer disclosed the Defendants' potential physical addresses in Ukraine and Belarus.  *Id.* ¶ 5.  Plaintiffs also discovered links between Defendant Shauchenka's personal Amazon customer account and a physical address in Belarus.  *Id.* ¶ 7, Dkt. No. 34 ¶ 6.  However, while Plaintiffs continued their search, they were unable to conclusively determine whether these addresses are occupied by or associated with the Defendants beyond Payoneer, or in Shauchenka's case, his personal Amazon customer account.  Dkt. No. 33 at 6.

## II.   ANALYSIS

The Court has subject matter jurisdiction over this case because Plaintiffs assert claims for trademark infringement, false designation, and false advertising under federal law.  28 U.S.C. §§ 1331 & 1338(a); *see also* Dkt. No. 1 (citing 15 U.S.C. § 1121).  The Court also has supplemental jurisdiction over Plaintiffs' claims for Washington Consumer Protection Act violations.  28 U.S.C. §§ 1332 and 1367.

### A.   Legal Standard

Federal Rule of Civil Procedure 4(h)(2) governs service of process on foreign corporations and states that foreign corporations may be served "in any manner prescribed by Rule 4(f) for serving an individual."  Fed. R. Civ. P. 4(h)(2).  Rule 4(f) provides three separate means to complete international service; one is not preferred over another.  *See Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1015 (9th Cir. 2002) ("[S]ervice of process under Rule 4(f)(3) is neither a last resort nor extraordinary relief.") (cleaned up).  Plaintiffs request to serve Defendants under Rule 4(f)(3), which permits service "by other means not prohibited by international agreement, as the court orders."  Fed. R. Civ. P. 4(f)(3).  The Ninth Circuit requires service under Rule 4(f)(3) to

1   meet three thresholds: (1) it "must not be prohibited by international agreement"; (2) it "must

2   comport with constitutional notions of due process"; and (3) "the facts and circumstances of the

3   present case necessitate[] the district court's intervention." *Rio Props.*, 284 F.3d at 1015–16. The

4   district court has "the discretion…to balance the limitations of email service against its benefits in

5   any particular case." *Id.* at 1018; *Microsoft Corp. v. Buy More, Inc.*, 703 F. App'x 476, 480 (9th

6   Cir. 2017).

7   **B.    Email Service Is Not Prohibited by International Agreement.**

8          First, the Court finds that service by email on Defendants located in Ukraine and Belarus

9   is not "prohibited by international agreement." *Rio Props.*, 284 F.3d at 1015–16. Ukraine and

10  Belarus are both signatories to the Hague Convention on the Service Abroad of Judicial and

11  Extrajudicial Documents ("Hague Convention"). *See Contracting Parties*, HAGUE CONFERENCE

12  ON PRIVATE INTERNATIONAL LAW, https://www.hcch.net/en/instruments/conventions/status-

13  table/?cid=17 (last visited Oct. 1, 2024). The principle means of service under the Hague

14  Convention is through a country's Central Authority unless the signatory has not objected to the

15  specific alternate means used. *Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 698–

16  99 (1988); *see also San Antonio Winery, Inc. v. Jiaxing Micarose Trade Co.*, 53 F.4th 1136, 1139

17  (9th Cir. 2022). Both Ukraine and Belarus implemented the Hague Convention in full and did not

18  expressly object to service by email. *See Contracting Parties*, HAGUE CONFERENCE ON PRIVATE

19  INTERNATIONAL LAW, https://www.hcch.net/en/instruments/conventions/status-table/?cid=17

20  (last visited Oct. 1, 2024).

21         As such, courts in this district and the Ninth Circuit have approved alternative service of

22  process by email to defendants in these two countries. *See, e.g.*, *Amazon.com, Inc. v. Chalova*,

23  No. C23-0747JLR, 2024 WL 458281, *2 (W.D. Wash. Jan. 9, 2024) (collecting cases and granting

24  service by email on parties located in Ukraine); *Amazon.com Inc. v. Kitsenka*, No. C22-1574-RSL-

ORDER GRANTING MOTION FOR ALTERNATIVE SERVICE - 4

MLP, 2023 WL 7017078, *2 (W.D. Wash. Oct. 25, 2023) (collecting cases and granting alternative service on parties in Belarus.  Thus, international agreement does not preclude service by email on Defendants located in Ukraine and Belarus.

## C. Email Service Comports with Due Process.

The Court next considers whether service of process via email addresses linked to Defendants' selling accounts comports with constitutional due process.  Such service satisfies due process when this avenue is "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950).  Plaintiffs argue that service on the identified email addresses is reasonably calculated to provide actual notice because (1) they are the "primary means of communication from Amazon to the Defendants" and (2) Plaintiffs sent "test" emails to each email address and confirmed that they remain functional. Dkt. No. 33 at 10.  Plaintiffs contend that as to Defendant Shauchenka, email service to the address he registered to open his individual customer account and the Amasales email address is appropriate because the personal email is attached to an active customer account and the latter was used to facilitate the counterfeiting scheme.  *Id.*

Based on the foregoing, the Court finds that service by email comports with due process here.  Plaintiffs sufficiently demonstrated that the email addresses associated with Defendants' selling accounts and personal customer accounts remain active, valid, and are still used to conduct business or the alleged scheme.  The Court finds no reason to depart from other cases in this district, which involved nearly identical facts.  *See, e.g.*, *Chalova*, 2024 WL 458281, *2 (W.D. Wash. Jan. 9, 2024) (allowing email service where plaintiff sent test emails associated with defendant's Payoneer accounts and received no error noticed or bounce-back messages); *Padded Spaces LLC v. Weiss*, No. C21-0751JLR, 2022 WL 1423701, at *3 (W.D. Wash. May 5, 2022)

(approving service to defendant in China by email and via the Amazon.com storefront messaging system in part because defendant conducted a majority of business online); *Amazon.com, Inc. v. Dafang HaoJiafu Hotpot Store*, No. C21-0766RSM, 2021 WL 4307067, at *1 (W.D. Wash. Sept. 22, 2021) (concluding that service by email would provide sufficient notice where plaintiffs showed that defendants conducted business through the Internet).

**D.    The Present Facts Necessitate the Court's Intervention.**

Lastly, the Court must decide whether the facts require the Court's intervention.  To do so, the Court weighs several factors, including whether the plaintiff identified a physical address for the defendant, whether the defendant was evading service of process, and whether plaintiff had previously been in contact with the defendant.  *Rubie's Costume Co., Inc. v. Yiwu Hua Hao Toys Co.*, No. 2:18-cv-01530, 2019 WL 6310564, at *2 (W.D. Wash. Nov. 25, 2019) (citing *Rio Props., Inc.*, 284 F.3d 1007).

Here, the Court's intervention is necessary.  Plaintiffs' investigation provided them with a lead on where Defendants may reside, but the trail has since run cold.  Plaintiffs have conducted online searches to confirm whether the physical addresses linked to the Defendants' Payoneer accounts are occupied by or associated with the parties but have been unable to definitively establish Defendants' physical locations.  Dkt. No. 35 at 3 (describing online records search of parties located in Ukraine and Belarus).  Plaintiffs have also conducted on-the-ground investigations of the Defendants potentially located in Belarus but have not succeeded in locating them.  *Id.*  As to the Defendants presumably residing in Ukraine, the county's ongoing armed conflict with Russia has hampered the Plaintiff's on-the-ground investigations.  *Id.*  Thus, this supports the finding that the "particularities and necessities of [this] case require alternate service of process under Rule 4(f)(3)."  *Rio Properties, Inc.*, 284 F.3d at 1016; *Rubie's Costume Co., Inc.*, 2019 WL 6310564, at *3.

1

### III.   CONCLUSION

Accordingly, the Court GRANTS Plaintiffs' motion for alternative service.  Dkt. No. 33.
The Court ORDERS Plaintiffs to complete service by emailing all filings in this action to the
following email addresses:

| Defendant | Email Address |
|---|---|
| Aleksey Parkhomenko | bublegumleseller@gmail.com;<br>vascuciucmat@gmail.com;<br>tovtpusho@gmail.com |
| Iryna Shkarupa | tovtpusho@gmail.com;<br>borulka87@gmail.com |
| Oleh Shkarupa | vascuciucmat@gmail.com;<br>tovtpusho@gmail.com;<br>fortadoneli48@gmail.com |
| Vlad Sandrak | fortadoneli48@gmail.com;<br>klupatuff@gmail.com |
| Kiryl Zhukau | bublegumleseller@gmail.com;<br>vascuciucmat@gmail.com;<br>tovtpusho@gmail.com;<br>fortadoneli48@gmail.com;<br>kontragentfor2@gmail.com;<br>klupatuff@gmail.com |
| Pavel Shauchenka | psamazoncom@gmail.com;<br>amasales99@gmail.com;<br>logan7034@gmail.com. |

Dated this 28th day of October, 2024.

_Kymberly K Evanson_
_____
Kymberly K. Evanson
United States District Judge